**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**NEW YORK LIFE INSURANCE COMPANY,**

    **Plaintiff,**

  v.                                      **Civil Action 2:20-cv-2577
Chief Judge Algenon L. Marbley
Magistrate Judge Jolson**

**CAROLYN S. BAKER, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Undersigned on Plaintiff New York Life Insurance Company's ("New York Life") and Defendants Carolyn S. Baker and Kenneth G. Seeholzer's Joint Motion for Interpleader Relief. (Doc. 6). For good cause shown, it is **ORDERED** that New York Life distribute to the Clerk of Court proceeds equal to the sum of $10,000.00 (the "Death Benefit"), representing the death benefits due as a result of the death of Eleonor Baker ("Insured") pursuant to individual life insurance certificate number A2991406 (the "Policy"), which was issued by New York Life to the Insured, plus applicable interest (together, the "Interpleader Funds"). It is further **ORDERED** that the Clerk of Court deposit the Interpleader Funds into an interest-bearing account pending further direction from the Court.

Further, it is **RECOMMENDED** that, upon deposit of the Interpleader Funds, New York Life shall be discharged of all liability in connection with the Death Benefit, Interpleader Funds, and otherwise in connection with the Policy and all claims, rights, interests and actions that Defendants might otherwise have held against New York Life and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Death Benefit and/or the Policy are hereby released. It is further

**RECOMMENDED** that Defendants be hereby permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against New York Life, arising out of or in connection relating to the Death Benefit or otherwise in connection with the Policy.  Finally, it is **RECOMMENDED** that New York Life be **DISMISSED with prejudice** from this action, without fees or costs to any party.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:  September 14, 2020            /s/ Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE