**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **NEW YORK LIFE INSURANCE CO.,** | : | |
| | : | **Case No. 2:20-cv-2577** |
| **Plaintiff,** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| v. | : | **Magistrate Judge Jolson** |
| | : | |
| **CAROLYN S. BAKER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

The matter before the Court is the Magistrate Judge's September 14, 2020 **Report and Recommendation** (ECF No. 13), which recommended granting the Joint Motion for Interpleader Relief (ECF No. 6). No objections to the Report and Recommendation were filed pursuant to Fed. R. Civ. P. 72(b). This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, based on a *de novo* review of the analysis therein, and **GRANTS** the Joint Motion for Interpleader Relief.

I.     **BACKGROUND**

Plaintiff New York Life Insurance Co. ("NYLI") filed a complaint in interpleader against defendants Carolyn S. Baker and Kenneth G. Seeholzer on May 21, 2020. (ECF No. 1). NYLI is a New York mutual insurance company with its principal place of business in New York, New York. (*Id.* ¶ 1). Plaintiff has alleged that the Defendants both seek to collect the Death Benefit of a life insurance policy maintained by Eleanor Baker (the "Insured"). (*Id.* ¶ 19). Defendant Kenneth G. Seeholzer is a citizen of West Virginia, domiciled in Ohio County, West Virginia. (*Id.* ¶ 3). Defendant Carolyn S. Baker is a citizen of Ohio, domiciled in Belmont County, Ohio. (*Id.* ¶ 2). The

Death Benefit at issue is $10,000. (ECF No. 6 at 1).

NYLI issued a life insurance policy under certificate number A2991406 to the Insured under a group insurance policy with AARP, with a contract date of January 25, 2007. (ECF No. 1 ¶¶ 6–7). On January 12, 2007, the Insured designated Defendant Seeholzer, her son, as the sole primary beneficiary for the Death Benefit on her Member Enrollment Form. (ECF No. 1 ¶ 8; ECF No. 1 Ex. A). On October 9, 2009, the Insured requested that the initial policy be converted to a permanent coverage policy. (ECF No. 1 ¶ 9; ECF No. 1 Ex. B). In accordance with the Insured's request, policy A2991406 was converted to individual life insurance policy number A4777682 (the "Policy"), with a contract date of October 25, 2009. (ECF No. 1 ¶ 10; ECF No. 1 Ex. C). When the Insured requested the conversion of her initial policy, her original beneficiary, Mr. Seeholzer, was carried over as the sole beneficiary. (ECF No. 1 ¶ 11; ECF No. 1 Ex. B). In February 2016, NYLI received a Beneficiary Change Form dated February 1, 2016, which designated Defendant Baker as the Policy's sole primary beneficiary. (ECF No. 1 ¶ 12; ECF No. 1 Ex. D).

On December 17, 2019, the Insured died and the Policy's Death Benefit in the amount of $10,000 became due to the beneficiary or beneficiaries of the Policy. (ECF No. 1 ¶¶ 13–14). On December 27, 2019, Mr. Seeholzer faxed a letter to NYLI contesting the validity of the February 2016 change in beneficiary. (ECF No. 1 ¶ 15). In the letter, Mr. Seeholzer alleges that the new beneficiary had taken advantage of his mother's diminished mental capacity in effectuating the change of beneficiary. (ECF No. 1 Ex. F). On March 25, 2020, Mr. Seeholzer sent another letter to NYLI to that effect, reasserting his allegations of undue influence and/or other wrongdoing associated with the February 2016 change in beneficiary. (ECF No. 1 Ex. G). On February 20, 2020, Ms. Baker asserted a claim to the Death Benefit with NYLI. (ECF No. 1 ¶ 16; ECF No. 1 Ex. H).

NYLI filed its interpleader complaint because the company "cannot determine factually or

legally who is entitled to the Death Benefit." (ECF No. 1 ¶ 18). If a court were to determine that the February 2016 change in beneficiary were legally invalid, the Death Benefit would be payable to Mr. Seeholzer as the prior primary beneficiary of record. (ECF No. 1 ¶ 17). If the change in beneficiary is found to be legally valid, Ms. Baker, the present beneficiary, would be entitled to the Death Benefit under the Policy. (ECF No. 1 ¶ 12). On July 14, 2020, Plaintiff NYLI and Defendants Seeholzer and Baker filed the Joint Motion for Interpleader Relief pursuant to Federal Rules of Civil Procedure 22 and 67, currently pending before this Court. (ECF No. 6). The Joint Motion seeks five separate areas of relief from this Court in the form of an order: (1) requiring NYLI to distribute with the Clerk of Court a check equal to the sum of the Death Benefit ($10,000), plus applicable interest (the "Interpleader Funds"); (2) requiring the Clerk to deposit the Interpleader Funds into an interest-bearing account pending further direction from this Court; (3) discharging NYLI of its liability and dismissing with prejudice all claims against NYLI regarding the Death Benefit, Interpleader Funds, or otherwise relating to the Policy; (4) enjoining Defendants from instituting or prosecuting claims or actions against NYLI in any forum seeking payment of the Death Benefit or otherwise relating to the Policy; and (5) dismissing NYLI from the action, with prejudice, and without fees or costs to any party.

On September 14, 2020, Magistrate Judge Jolson granted the Joint Motion for Interpleader Relief in part by ordering NYLI to distribute to the Clerk a check for the Interpleader Funds and ordering the Clerk to deposit the Interpleader Funds into an interest-bearing account. (ECF No. 13 at 1). Judge Jolson's Report and Recommendation then recommended that this Court grant the remainder of the parties' Joint Motion for Interpleader Relief. (ECF No. 13 at 1–2). On September 23, 2020, NYLI deposited the Interpleader Funds with the Clerk in accordance with Judge Jolson's Order. No parties filed objections to the Report and Recommendation.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), this Court must review the findings of the magistrate judge's report and recommendation and conduct a *de novo* review. The district judge determines whether to "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." *Id*. A party who fails to object to a report and recommendation waives their right to *de novo* review by the district court judge and waives their right to appeal the judgment of the district court judge. *See Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A party that fails to specify the issues of contention from the report and recommendation waives review of those issues, even if objections are timely filed. *See Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007).

Under 28 U.S.C § 1335, this Court may maintain original jurisdiction of any civil action of interpleader filed by an entity that possesses property valuing $500 or more, or issuing a note, bond, certificate, or insurance policy for $500 or more, if two or more adverse claimants of diverse citizenship make claim to the same money, property, or benefits. For a court to have jurisdiction over the action, the plaintiff must also deposit the money or property with the clerk of court, or provide a bond payable in the same amount as a surety. 28 U.S.C § 1335(a)(2). Under Federal Rule of Civil Procedure 22, a plaintiff may bring an interpleader action joining as defendants "[p]ersons with claims that may expose a plaintiff to double or multiple liability." In considering an interpleader action, a court first "determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007)

After this first stage, a court will then determine "the rights of the claimants to the fund at stake via the normal litigation process." *Id.*

### III.    LAW AND ANALYSIS

The parties' Joint Motion for Interpleader Relief requires this Court to consider whether interpleader has been properly invoked under 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22. Interpleader is an "equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *High Tech. Prods.*, 497 F.3d at 641 (quoting 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1704 (3d. ed. 2001)). "'When the court decides that interpleader is available'—typically, at the conclusion of the first stage—'it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead.'" *Id.* (quoting Wright et al. § 1714). The matter before this Court for consideration is currently at the "first stage" of an interpleader action, as delineated in *High Tech Products*. Accordingly, this Court will consider whether the jurisdictional requirements for interpleader have been met, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. *See High Tech Prods*, 497 F.3d at 641.

Plaintiff has satisfied the jurisdictional requirements of the interpleader statute. Under 28 U.S.C. § 1335, this Court has original jurisdiction of any civil action of interpleader where a stakeholder has a note, bond, certificate, or insurance policy for $500 or more, where there are two or more adverse claimants to the policy with diverse citizenship, and where the Plaintiff has deposited such money or property (or a bond payable in such amount) with the Clerk of Court.

First, NYLI issued a life insurance policy where the Death Benefit at issue is $10,000. (ECF No. 1 ¶¶ 13–14). Second, there are two or more adverse claimants to the Death Benefit, and these claimants have diverse citizenship. Mr. Seeholzer, a citizen of West Virginia, lays claim to the Death Benefit on the grounds that he was the original beneficiary of the Policy and that the change in beneficiary was legally invalid. (ECF No. 1 ¶ 15). Ms. Baker, a citizen of Ohio, is the current primary beneficiary of the Policy and submitted a claim for the Death Benefit in February 2020. (ECF No. 1 ¶ 16; ECF No. 1 Ex. H). Finally, on September 23, 2020, NYLI deposited the Interpleader Funds with the Clerk of Courts. Accordingly, all of the jurisdictional elements of 28 U.S.C. § 1335 are satisfied.

NYLI, the stakeholder, actually faces double or multiple liability in relation to the life insurance policy at issue. NYLI currently faces competing claims from Mr. Seeholzer and Ms. Baker to the Death Benefit. Mr. Seeholzer contends that the Insured was not competent at the time of the change in beneficiary, and also alleges that there was undue influence and other wrongdoing surrounding the change in beneficiary. (ECF No. 1 Exs. F, G). On the face of the Policy, Ms. Baker is legally entitled to collect the Death Benefit, as she is the current sole beneficiary. (ECF No. 1 ¶ 16). To that end, she has submitted a claim to NYLI for the Death Benefit. (ECF No. 1 Ex. H). If proven true, Mr. Seeholzer's allegations would legally invalidate Ms. Baker's claim to the Death Benefit; until he prevails on the merits, Mr. Seeholzer has no legal entitlement to the benefits. *See High Tech. Prods.*, 497 F.3d at 642 (finding the adverse claimant requirement for interpleader satisfied where multiple entities presented competing claims to ownership). Accordingly, NYLI faces double liability in the form of competing claims by two potential sole beneficiaries to a single Death Benefit.

Finally, interpleader is an appropriate remedy that is available to Plaintiff. A court may

disallow the use of interpleader where equitable concerns are presented. *High Tech. Prods.*, 497

F.3d at 641. Typically, equitable concerns will prevent the use of interpleader where interpleader

could reward inequitable or improper conduct, such as where the stakeholder has been guilty of

laches or contributed to the development of adverse claims. *See* Wright et al., § 1709. Interpleader

may also be denied where there exists collusion between the stakeholder and one or more claimants

to subvert the rights of other claimants. *Id.* NYLI contends that it has not brought this interpleader

action at the request of any Defendants and that there has been "no fraud or collusion between the

Company and any of the Defendants." (ECF No. 1 ¶ 23). Both Defendants joined Plaintiff in

bringing the Joint Motion for Interpleader before this Court. (ECF No. 6). Neither Defendant has

objected to the Magistrate's Report and Recommendation. This Court finds no equitable concerns

prevent the use of interpleader here.

## IV.    CONCLUSION

For the reasons set forth above, this Court hereby **ADOPTS** the Magistrate Judge's Report

and Recommendation and the Joint Motion for Interpleader is **GRANTED.**

Accordingly:

1.  Plaintiff NYLI is discharged from of all liability in connection with the Death Benefit, Interpleader Funds, and otherwise in connection with the Policy and all claims, rights, interests and actions that Defendants might otherwise have held against New York Life and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Death Benefit and/or the Policy.

2.  Defendants are hereby permanently enjoined from bringing any action proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against NYLI, arising out of or in connection relating to the Death Benefit or otherwise in connection with the Policy

3.  Plaintiff NYLI is **DISMISSED** from this matter with prejudice, without fees or costs to any party.

**IT IS SO ORDERED.**

       **/s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  November 30, 2020**

8