IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NEW YORK LIFE INSURANCE COMPANY,**

    **Plaintiff,**

v.                                    Civil Action 2:20-cv-2577
                                                   Magistrate Judge Jolson

**CAROLYN S. BAKER, et al.,**

    **Defendants.**

## **OPINION AND ORDER**

This is an interpleader action involving a $10,000 life insurance policy. For the reasons that follow, the Court *sua sponte* **ENTERS DEFAULT JUDGMENT** against Defendant Carolyn Baker and **ORDERS** the Clerk to release the interpleader funds to the remaining interpleader Defendant, Kenneth Seeholzer.

**I.    BACKGROUND**

Plaintiff New York Life Insurance Company ("New York Life") brought this interpleader action against Defendants Carolyn Baker and Kenneth Seeholzer on May 21, 2020. (Doc. 1). Non-party Eleanor Baker died on December 17, 2019, making her death benefits in the amount of $10,000 due to the designated beneficiary. (*Id*., ¶¶ 13–14). Before she died, Eleanor Baker changed the sole primary beneficiary from her son, Kenneth Seeholzer, to Carolyn Baker, who, Mr. Seeholzer says married Eleanor Baker's first husband. (*See id*., ¶¶ 8–15; Doc. 1-7).

Mr. Seeholzer, in December 2019 and March 2020, sent letters to New York Life contesting the validity of his mother's most recent policy designation. (Doc. 1, ¶ 15; *see also* Docs. 1-6, 1-7). Specifically, he alleged that his mother was incompetent at the time of the designation and that there may have been undue influence or other wrongdoing associated with the designation. (*See id*.). New York Life was unable to "determine factually or legally who is

entitled to" the death benefit and, to avoid, "multiple liability," asked to deposit the contested funds with the Clerk and for the Court to determine the beneficiary. (Doc. 1, ¶¶ 18–22; *see also* Doc. 6).

Defendant Baker failed to respond to the Complaint, and the Clerk entered default against her on August 26, 2020. (*See* Docs. 9, 10). On September 14, 2020, the Undersigned ordered New York Life to distribute the proceeds to the Clerk and recommended that New York Life be dismissed with prejudice from this case. (Doc. 13). New York Life deposited the interpleader funds the next day.

On October 28, 2020, the Undersigned held a telephonic preliminary pretrial conference, at which Defendant Baker did not appear. (Doc. 16). Counsel for New York Life represented that Defendant Baker indicated she did not intend to participate in this action. (*Id.*). The Undersigned afforded Defendant Baker an additional opportunity to appear in this case and ordered her to show cause within fourteen days as to why default judgment should not be entered against her. (*Id.*). Ms. Baker failed to do so.

Roughly one month later, the Court adopted the Undersigned's recommendation granting New York Life's interpleader motion and dismissing New York life from this case. (Doc. 17). Also, upon written consent of all parties, the Court referred this matter to the Undersigned to conduct all further proceedings pursuant to 28 U.S.C. § 636(c) (Doc. 18). On December 4, 2020, the Court issued a final show cause order to Defendant Baker, warning that failure to show cause would result in default judgment against her. (Doc. 19). Again, Defendant Baker failed to show cause or otherwise appear in this case. Accordingly, the proper beneficiary to the death benefit must now be determined.

**II.      DISCUSSION**

"The decision to enter a default judgment lies in the district court's sound discretion." *State Farm Bank, F.S.B. v. Sloan*, No. 11-CV-10385, 2011 WL 2144227, at *2 (E.D. Mich. May 31, 2011). Further, "a district court may sua sponte enter default judgment" against a defendant, particularly where that defendant, like Defendant Baker, failed to appear at a court proceeding or comply with court orders. *Turner v. Whitehorn*, 205 F.3d 1342 (6th Cir. 1999); *see also Metro. Life Ins. Co. v. Kent*, No. 07-11091, 2008 WL 302372, at *5 (E.D. Mich. Feb. 4, 2008) (entering default judgment sua sponte against a defendant in an interpleader action where defendant "failed to appear" for a hearing and status conference "after the Court expressly cautioned her in writing that the Court would enter a default if she failed to appear").

In an interpleader action like this one, courts enter default judgment as to "'[a] named interpleader defendant who fails to answer the interpleader complaint'" or "'assert a claim'" to the funds. *Prudential Ins. Co. of Am. v. Amarante*, No. 18-CV-13618, 2019 WL 1397247, at *2 (E.D. Mich. Mar. 28, 2019) (internal quotation marks and citation omitted) (quoting *Unum Life Ins. Co. of Am. v. Lytle*, No. 18-13234, 2019 WL 668159, at *2 (E.D. Mich. Feb. 19, 2019)). By failing to respond, the interpleader defendant "'forfeits any claim of entitlement that might have been asserted.'" *Amarante*, 2019 WL 1397247, at *2 (quoting *Lytle*, 2019 WL 668159, at *2); *see also Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *2 (S.D. Ohio July 25, 2016), *report and recommendation adopted*, No. 1:15-CV-535, 2016 WL 4449570 (S.D. Ohio Aug. 24, 2016) (collecting cases and noting that "[d]efault judgment may be entered against a defendant who fails to answer an interpleader complaint"). Pertinent here, "[i]f only one interpleader defendant remains following the default of another defendant, the remaining defendant is entitled to the fund." *Id*. (citations omitted).

Default judgment against Defendant Baker is appropriate. Although she waived service, Defendant Baker did not respond to the Complaint "or otherwise defend [her] interest in the interpleaded funds." *Id*. at *3. Moreover, she did not respond to the Court's multiple show cause orders, despite being warned that failure to show cause would result in a default judgment against her. And she failed to appear at the preliminary pretrial conference before the Court. "By defaulting, [D]efendant [Baker] [] forfeited [her] right to pursue an interest in the Policy proceeds." *Id*.

Importantly, the other requirements for default judgment are also satisfied. To start, "there is no indication that [Defendant Baker] is serving in the military, that she is a minor, or that she is incompetent." *Amarante*, 2019 WL 1397247, at *2; *see also* Fed. R. Civ. P. 55. Also, "[t]he amount of the death insurance benefit is undisputed, [] so the Court need not conduct a further accounting." *Amarante*, 2019 WL 1397247, at *2 (citing Fed. R. Civ. P. 55(b)(2)(A)). Additionally, "[t]he complaint alleges no damages against [Defendant Baker], so the Court need not determine any." *Amarante*, 2019 WL 1397247, at *2 (citing Fed. R. Civ. P. 55(b)(2)(B)). Finally, the Court is satisfied that default judgment is appropriate as Defendant Baker waived service (Doc. 5) and received copies of the Court's show cause orders in this matter (*see* Docs. 16, 19). "Thus, the Court need not investigate any other matter as to the appropriateness of [Defendant Baker's] default judgment." *Amarante*, 2019 WL 1397247, at *2 (citing Fed. R. Civ. P. 55(b)(2)(D)).

"The entry of default judgment against [Defendant Baker] [] leave[s] [Defendant Seeholzer] the sole remaining defendant with a valid claim to the benefits from the decedent's policy." *Walker-Macklin*, 2016 WL 4007092, at *3. "Thus, [Defendant Baker] is entitled to receive the interpleaded funds [P]laintiff [] deposited with the Court." *Id*; *see also Kent*, 2008 WL

4

302372, at *5 (entering default judgment sua sponte against non-responding defendants and directing the clerk to distribute the interpleader funds to the remaining two defendants).

Accordingly, for the foregoing reasons, the Court *sua sponte* **ENTERS DEFAULT JUDGMENT** against Defendant Carolyn Baker and **ORDERS** the Clerk to release the interpleader funds to the remaining interpleader Defendant, Kenneth Seeholzer.

IT IS SO ORDERED.


Date:  January 4, 2021  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE